**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE GALINDO, an individual, | No. 15-55792 |
| Plaintiff-Appellant, | D.C. No. 8:14-cv-00179-AG-RNB |
| v. | |
| CITY OF ORANGE and FERNANDO MALDONADO, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted February 15, 2017
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and MURPHY,[**] District Judge.

Jorge Galindo appeals the district court's summary judgment dismissal of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

his 42 U.S.C. § 1983 excessive force claim and analogous state law claims against the City of Orange and Officer Fernando Maldonado. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under the Supreme Court's decision in *Heck v. Humphrey*, a plaintiff cannot maintain a § 1983 suit for damages if success on the claim would "necessarily imply" the invalidity of a related prior criminal conviction. 512 U.S. 477, 487 (1994). Thus, a claim is barred under *Heck* if the plaintiff "would have to negate an element of the offense of which he has been convicted," *id.* at 486 n.6, or make specific factual allegations inconsistent with his criminal conviction, *Cunningham v. Gates*, 312 F.3d 1148, 1154 (9th Cir. 2002). California recognizes a similar doctrine, and "[t]he California Supreme Court has not distinguished between the application of *Heck* to § 1983 [excessive force] claims and the application of analogous California law to state-law claims." *Hooper v. Cty. of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) (citing *Yount v. City of Sacramento*, 183 P.3d 471, 484 (Cal. 2008)).

Galindo's suit is barred for two reasons. First, to prevail on his § 1983 claim, Galindo must negate an element of his California Penal Code section 148(a)(1) conviction. For a valid section 148(a)(1) conviction, "the defendant must have resisted, delayed, or obstructed a police officer in the lawful exercise of" the

officer's duties. *Hooper*, 629 F.3d at 1130 (internal quotation marks, citation, and alterations omitted). "The lawfulness of the officer's conduct is an essential element of the offense under section 148(a)(1)." *Id.* The actions to which Galindo pleaded guilty under section 148(a)(1) occurred at the same time Officer Maldonado allegedly used excessive force.[1] This circumstance means Galindo must negate an element of his conviction—Officer Maldonado's lawful exercise of his duties—to prevail on his § 1983 claim.

Additionally, Galindo's claim is barred because he pleaded specific factual allegations in his § 1983 complaint that are inconsistent with the admissions supporting his criminal conviction. *See Cunningham*, 312 F.3d at 1154. Galindo alleges in his complaint that he "was not offering any resistance," "there was no reason for him to not be able to be free from being detained," and he "was engaged in lawful activity." But Galindo's allegations directly contradict his guilty plea admissions that he "resisted, delayed, [and] obstructed Officer Fernando Maldonado," "refus[ed] Officer Maldonado's commands," and "refus[ed] to show

---

[1] Galindo pleaded guilty and stipulated to "refusing to show [his] hands." When Officer Maldonado shot Galindo, his hands were not showing. Galindo's left hand was out of sight and his right hand was reaching towards his left pocket. Even Galindo now alleges in his complaint that he was "attempting to provide his identification . . . when" he was shot.

3

[his] hands despite numerous requests." Because Galindo expressly disclaims acts to which he pleaded guilty, his claim necessarily fails under *Heck*.

**AFFIRMED.**